CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 07, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LAMEEK SHALAM JOHNS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:23cv00451** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **VIRGINIA DEP'T OF CORR., et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff Lameek Shalam Johns, a Virginia inmate proceeding *pro se*, has filed a motion

for preliminary injunction in this civil rights action under 42 U.S.C. § 1983. For the reasons

stated below, I must deny the injunction.

Preliminary injunctive relief is an extraordinary remedy that courts should grant only

sparingly. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). The

party seeking the injunction must demonstrate that: (1) he is likely to succeed on the merits at

trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v.*

*Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The moving party must satisfy all

four requirements, and the injunctive relief can only be granted on a clear showing of entitlement

to relief. *Id.* at 22.

The dispositive consideration in this motion is that the harm for which Johns seeks

injunctive relief does not arise from the harm alleged in the Complaint. *Omega World Travel v.*

*TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The party seeking an injunction must establish a

relationship between the injury claimed in the motion and the conduct that gave rise to the

Complaint. *See In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). The

Complaint in this lawsuit seeks damages for physical and psychological injuries caused by long-

term segregation starting in 2011 and exceeding 9 years.  The motion seeks injunctive relief for the loss of plaintiff's personal property, including legal papers, research, books, photographs, and other property important to Johns, some of which is irreplaceable.  Some of the personal property was lost on or about May 4, 2025, when Johns was transferred to Wallens Ridge, and some was lost a couple of months earlier, when Johns was transferred to Red Onion.  Without minimizing the importance of the lost property to Johns, it was not caused by the years Johns spent in segregation.  Even though much of the legal paperwork lost pertains to this case, the alleged wrongful conduct of holding him in long-term segregation did not cause the loss of the paperwork.

To the extent that Johns has alleged that the lost paperwork adversely affects his access to the court in this case, that is a matter that may be asserted in a separate lawsuit after exhaustion of any administrative remedies.  If he chooses to file such a suit, he may seek this injunctive relief in that suit.  Because that claim is not before the court, and the harm claimed in his current motion is not "caused by the wrong claimed in the underlying action," I cannot grant the injunctive relief in this lawsuit.  *Omega World Travel*, 111 F.3d at 16.

An appropriate order will be entered this date.

Entered: July 7, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge